THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-14

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **REDACTED ORDER** |
|  | ) |  |
| ROBERTO ILLERMA IBARRA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on the Defendant's *pro se* letter, which the Court construes as a Motion for Reduced Sentence under Amendment 821. [Doc. 835]. Also before the Court is a Motion for Reduced Sentence under Amendment 821 filed on behalf of the Defendant by the Federal Defender. [Docs. 859, 867 (redacted)].[1]

**I.   BACKGROUND**

In May of 2020, law enforcement officers investigating drug trafficking in Haywood, Jackson, and Buncombe Counties, North Carolina, seized nearly 47 grams of actual methamphetamine during a traffic stop in Waynesville, North Carolina. [Doc. 738: PSR at ¶¶ 47-60]. The Defendant

---

[1] See footnote 2 *infra* for a discussion regarding the status of this latter motion.

Robert Illerma Ibarra, who lived in the Atlanta, Georgia, area, supplied the methamphetamine. [Id. at ¶¶ 48-61]. The Defendant had earlier supplied 113 grams of a methamphetamine mixture to one of those from whom the methamphetamine was seized. [Id. at ¶ 61].

A federal grand jury indicted the Defendant and 22 other individuals, charging them with conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. [Doc. 3]. The grand jury alleged that at least 50 grams of actual methamphetamine were reasonably foreseeable to the Defendant. [Id. at 2-3]. The grand jury also charged the Defendant with possessing with intent to distribute at least 50 grams of actual methamphetamine. [Id. at 14]. The Defendant entered into a written plea agreement with the Government and pled guilty to the conspiracy offense; in exchange, the possession charge was dismissed. [Id. at ¶ 1; Doc. 558].

In advance of sentencing, this Court's probation office submitted a Presentence Report, which calculated a total offense level of 29, based on a drug quantity of 174 grams of actual methamphetamine and 113 grams of a methamphetamine mixture. [Doc. 738 at ¶¶ 80, 89]. The Defendant's prior criminal history resulted in an assessment of two criminal history points. [Id. at ¶ 95]. The probation office also assessed the Defendant two additional

2

Case 1:21-cr-00070-MR-WCM   Document 892   Filed 05/15/24   Page 2 of 8

criminal history points because he committed his offense while he was on probation, for a total of four criminal history points, corresponding to a criminal history category of III. [Id. at ¶¶ 96, 97]. Based on a total offense level of 29 and a criminal history category of III, the probation office concluded that the advisory guideline range was 108 to 135 months' imprisonment. [Id. at ¶ 122]. The Defendant faced a statutory mandatory minimum sentence of 10 years' imprisonment, but this did not apply due to the statutory Safety Valve of 18 U.S.C. § 3553(f). [Id.].

███████████████████████████████████████████████

███████████████████████████████████████████████

███ The Court ███████████████████████████████ varied downward two levels, applying the First Step Act of 2018 safety valve, as though it had been incorporated into U.S.S.G. § 5C1.2 and § 2D1.1(b)(17), thus yielding a sentencing range of 70 to 87 months. The Court then sentenced the Defendant to 70 months in prison, the low end of that sentencing range. [Doc. 772 at 2; Doc. 773].

The Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the United States

3

Sentencing Guidelines.[2]  [Doc. 835].  The Government consents to the Defendant's request for relief.  [Doc. 873].

## II. STANDARD OF REVIEW

Pursuant to § 3582(c)(2), the Court may modify a term of imprisonment that was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

When addressing a § 3582(c)(2) motion based on a retroactive guidelines amendment, the Court follows a two-step process.  At the first step, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)).  In so doing, the Court "begin[s] by determining the amended guideline range that

---

[2] Subsequent to the filing of the Defendant's *pro se* motion, the Federal Defender filed a motion on behalf of the Defendant seeking the same relief.  [Docs. 859, 867 (redacted)]. For the reasons stated in an Order recently filed in the related case of United States v. Creson, 1:21-cv-00070-MR-WCM-7 (Order entered May 15, 2024), counsel's filing is improper and will be stricken from the record.

4

would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827). At the second step, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Martin, 916 F.3d at 395 (quoting Dillon, 560 U.S. at 827).

## III. DISCUSSION

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history "status" points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 eliminates the addition of such status points for a defendant who has less than six criminal history points and provides for the addition of only one status point for those defendants with seven or more criminal history points. U.S.S.G. § 4A1.1(e) (2023). The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction

under § 3582(c)(2).  U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d).  This retroactivity amendment provides that any order reducing a defendant's sentence must have "an effective date of February 1, 2024, or later." U.S.S.G. Amend. 825; see also U.S.S.G. § 1B1.10 cmt. n.7.

The Defendant is eligible for relief under Amendment 821.  At the time of sentencing, the Defendant was assigned a total of four (4) criminal history points, including two "status points" under § 4A1.1(d) (2019), which corresponded to a criminal history category of III.  With the revision to § 4A1.1 under Amendment 821, the Defendant would receive zero status points, reducing his criminal history score from four to two.  That score corresponds to a criminal history category of II, which when combined with a total offense level of 29 results in a revised advisory guidelines range of 97 to 121 months.  ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████

Having determined the amended guideline range that would have been applicable to the Defendant had the relevant amendment been in effect at the time of the initial sentencing, the Court now turns to the § 3553(a) factors to determine whether the reduction authorized by Amendment 821 is warranted in whole or in part.

6

Here, the Defendant's post-sentencing conduct supports a reduced sentence. The Defendant has already served the majority of his sentence, with a scheduled final release date on February 6, 2025.[3] During his period of incarceration, the Defendant has not incurred any disciplinary infractions. [See Doc. 874 at 3]. He has completed a number of educational programs and work assignments, including the residential drug treatment program. [Id.]. Additionally, while the Defendant's offense conduct was serious, it did not involve violence and the Defendant does not have a criminal history that involves lengthy terms of incarceration.

Considering the sentencing objectives set forth in § 3553(a), the Court finds that a reduction in the Defendant's sentence is consistent with the purposes of sentencing. Accordingly, the Court grants the Defendant's motion for a reduced sentence. In its discretion, the Court will reduce the Defendant's sentence to sixty-three (63) months.

**IT IS, THEREFORE, ORDERED** that the Defendant's *pro se* letter, which the Court construes as Motion for Reduced Sentence under Amendment 821 [Doc. 835], is **GRANTED**, and the Defendant's sentence is **REDUCED** to a term of **SIXTY-THREE (63) MONTHS**.

---

[3] See https://www.bop.gov/inmateloc/ (last accessed May 14, 2024).

7

Case 1:21-cr-00070-MR-WCM   Document 892   Filed 05/15/24   Page 7 of 8

**IT IS FURTHER ORDERED** that the Motion for Reduced Sentence under Amendment 821 [Docs. 859, 867 (redacted)] filed by the Federal Defender on behalf of the Defendant is hereby **STRICKEN**.

The Clerk of Court is respectfully instructed to prepare an Amended Judgment in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Dated: May 15, 2024

*Martin Reidinger*
Martin Reidinger
Chief United States District Judge